# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12-cv-8856 | **DATE** | November 27, 2012 |
| **CASE TITLE** | Morris v. Chicago Police Department | | |

**DOCKET ENTRY TEXT**

Plaintiff has failed to pay the required filing fee or to file an application to proceed *in forma pauperis*. Accordingly, the Complaint is dismissed. See statement below.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

     On November 5, 2012, Plaintiff Willie Morris filed a Complaint against Defendants Chicago Police Department, Mayor Rahm Emmanuel, and four Chicago Police Officers. Plaintiff neither paid the requisite filing fee, nor filed an *in forma pauperis* application to proceed without paying the customary $350 filing fee. Plaintiff alleges in his Complaint that his civil rights were violated by police officers employed by the Chicago Police Department.

     Because Plaintiff has failed to remit the filing fee, his Complaint is dismissed without prejudice. However, even if Plaintiff had submitted an *in forma pauperis* application in conjunction with his Complaint, his case would be dismissed. If a court is presented with a case submitted with a request to proceed *in forma pauperis*, the court will dismiss the case if it determines the action fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The court applies the same standard it would use to rule on a Rule 12(b)(6) motion to dismiss. *See DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). The court views the complaint's allegations in a light most favorable to the plaintiff, draws all reasonable inferences in favor of the plaintiff, and takes as true all well-pleaded facts and allegations in the complaint. *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010). Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to provide the defendant with fair notice of the plaintiff's claims and the grounds upon which they rest. *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007) (*Twombly*). To survive a motion to dismiss, the plaintiff's claim must be plausible, and the factual allegations of the complaint must be "enough to raise a right to relief above the speculative level." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).

     Even affording Plaintiff's *Pro Se* Complaint a liberal reading, it would not survive a motion to dismiss because it fails to state a plausible claim against Defendants, beyond the speculative level. Notably, Plaintiff's Complaint alleges he was attacked by Defendant Officers on his way home from the store on November 4, 2012. However, Plaintiff previously alleged virtually identical facts, alleging a violation of his rights on the part of the Defendant Officers that allegedly transpired on November 4, *2008*. These facts were alleged in a case filed on February 2, 2009, before Judge Kendall. Judge Kendall dismissed Plaintiff's

| STATEMENT |
|---|
| Complaint, and further noted that Plaintiff was still required to pay the filing fee in *that* case: "Accordingly, the case is dismissed pursuant to Fed. R. Civ. P. 41(b). The case is terminated. However, having brought this action, Plaintiff nevertheless remains obligated to pay the full filing fee. *See* 28 U.S.C. § 1915(b)(1). Nonpayment may affect Plaintiff's ability to bring future suits *in forma pauperis*. *See Thurman v. Gramley*, 97 F.3d 185, 187 (7th Cir. 1996), *overruled on other grounds by Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000)." *Morris v. Novy, et al.*, 09-CV-655, Docket No. 40.<br><br>      Plaintiff's Complaint fails to state a claim upon which relief may be granted. Moreover, Plaintiff has failed to pay the required filing fee, and he has already filed a nearly identical Complaint which had previously been dismissed by Judge Kendall. Hence, Plaintiff's Complaint is dismissed. |